**In the Matter of John A. SCUNGIO.**

**No. 2000–414–M.P.**

Supreme Court of Rhode Island.

Dec. 12, 2000.

---

John Tramonti, Providence, for Plaintiff.

David Curtin, Chief Disciplinary Counsel, for Defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court pursuant to a petition to revoke or suspend the license to practice law of the respondent, John A. Scungio (respondent), in accordance with Article III, Rule 24 of the Supreme Court Rules of Disciplinary Procedure. On November 24, 1999, a criminal information was filed in the United States District Court for the District of Rhode Island charging the respondent with making materially false statements and representations to special agents of the Federal Bureau of Investigation (FBI), in violation of 18 U.S.C. § 1001. Pursuant to title 18, making false statements to the FBI is a felony offense punishable by maximum penalties of five years of imprisonment; a fine of up to $250,000, or twice the amount of the gain or loss from the offense, whichever is greater; a term of supervised release of up to three years; and a mandatory special assessment of $100. *See* 18

U.S.C. § 1001; 18 U.S.C. § 3571(b), (d); 18 U.S.C. § 3561; 18 U.S.C. § 3013.

On November 23, 1999, the day before the information was filed, respondent entered into a plea agreement with the government. In that plea agreement, he agreed to enter a guilty plea to the crime charged and to cooperate with the government in a continuing investigation into allegations of corruption on the part of municipal officials in the City of Providence. In return for that cooperation, the government agreed to recommend to the sentencing court that the court impose a sentence below the applicable range set forth in the United States Sentencing Guidelines. On December 2, 1999, respondent appeared before the federal court and admitted, under oath, the facts that form the basis for the crime charged. The court accepted his guilty plea on that date, but deferred sentencing pending his continued cooperation with the government.

On October 3, 2000, after having apparently fulfilled his obligations under the plea agreement, respondent was sentenced to a term of probation of three years, with the first six months of probation to be served in home confinement. He was fined $40,000 [1] and was ordered to pay a special assessment of $100. On October 13, 2000, disciplinary counsel filed the instant petition to revoke or suspend respondent's license to practice law in this state. We directed respondent to appear before this Court to show cause, if any, why the petition should not be granted. The respondent appeared before this Court, with counsel, at its conferences on November 2 and November 20, 2000. After hearing the arguments of counsel and a statement by respondent, we conclude that respondent has not shown cause why the petition should not be granted.

---

1. The respondent's counsel has represented to this Court that an appeal has been filed with the First Circuit Court of Appeals regarding the amount of the fine. However, neither the pendency of that appeal nor its outcome affects the validity of his conviction. Accordingly, there is no need for this Court to defer acting on this matter at this time, and respondent has not requested that we defer acting on the instant petition pending resolution of that appeal.

The pertinent facts of this case are as follows. The respondent is a member of the bar of this state. On May 12, 1999, agents of the FBI interviewed respondent about Joseph Pannone, the chairman of the Board of Tax Assessment Review of the City of Providence. The respondent made a false statement to the FBI when he denied that Pannone had received any money in return for reducing the assessed value of a parcel of real estate owned by clients of respondent, resulting in a lower property tax assessment and, therefore, a reduced property tax bill. This was a materially false statement because Pannone had in fact received a $5,000 bribe paid by respondent's client, to be distributed among Pannone and other city officials, for reducing the assessed value. The respondent knew this was a false statement because he was the individual who knowingly hand-delivered the bribe money to Pannone on behalf of the client. The respondent further made a materially false representation to the FBI when he denied knowing how the clients selected him to represent them before the Board of Tax Assessment Review. The clients, in fact, had been referred to respondent by Pannone.[2]

The sole issue before this Court is the appropriate level of discipline to impose upon respondent based upon his conviction. He has requested that we issue a sanction less than disbarment. The respondent has brought to our attention that he fully cooperated with the government in its investigation and that he has no previous disciplinary history, and he has expressed his deep remorse for the conduct that has placed his license to practice law in jeopardy. However, our review of this matter leads us to conclude that the imposition of a sanction less than disbarment is not warranted by the facts of this case.

We note that at all material times, respondent was acting in his capacity as an attorney. Acting in that capacity, he delivered a bribe to a public official to obtain a significant tax reduction for his clients. His clients were referred to him by the corrupt public official to whom the bribe was to be paid. It is reasonable to infer that respondent was selected because it was known or assumed that he would be a willing participant in this nefarious scheme.

The type of misconduct engaged in by respondent demands the imposition of the harshest sanction available. He has engaged in acts that violate the core values of the legal profession. Article V, Rule 8.4(b) of the Supreme Court Rules of Professional Conduct provides that it is misconduct for an attorney to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." The respondent is before this Court convicted of the crime of lying to federal agents. Rule 8.4(d) provides that it is misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice." The delivery of a bribe to a public official to secure favorable treatment on behalf of a client corrupts the process of law that attorneys are sworn to uphold.

Professional discipline serves two important functions: protecting the public and maintaining the integrity of the profession. Those purposes can be served in the present case only by granting the instant petition and revoking the respondent's license to practice law. Accordingly, the respondent, John A. Scungio, is hereby disbarred from the practice of law in this state effective immediately.

---

2. Pannone has been convicted of crimes relating to his involvement in municipal corruption. The respondent's clients were not charged with any crime relating to this transaction.